Gary Schnitzer, Esq.
Nevada Bar No. 395
Kravitz, Schnitzer, Sloane & Johnson, Chtd.
Melanie D. Morgan, Esq.
Nevada Bar No. 8215
8985 Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Direct:  702 222-4142
Office:  702 362-6666
Fax:     702 362-2203
Email:  gschnitzer@kssattorneys.com
        mmorgan@kssattorneys.com

*Of Counsel*[1]
R. Bruce Allensworth, Esq.
Brian M. Forbes, Esq.
Gregory N. Blase, Esq.
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel. (617) 261-3100
Fax  (617) 261-3175
Email:  bruce.allensworth@klgates.com
        brian.m.forbes@klgates.com
        gregory.blase@klgates.com
**Attorneys for Bank of New York Mellon as
former trustee for the C-BASS Mortgage
Loan Asset-Backed Certificates Series
2005-CB4**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

|  |  |
|---|---|
| RONALD E. FREETO, | ) |
| Plaintiff, | ) |
|  | ) Case No. _____ |
| vs. | ) |
|  | ) **NOTICE OF REMOVAL** |
| LIME FINANCIAL SERVICES, LTD, et al. | ) |
| Defendants. | ) |
|  | ) |

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 defendant

---
[1]     Motions for admission *pro hac vice* to be filed shortly.

1   Bank of New York Mellon[2] as former trustee for the C-BASS Mortgage Loan Asset-Backed

2   Certificates Series 2005-CB4 ("BNY Mellon, as Former Trustee"), by its undersigned attorneys,

3   hereby removes this action from the Second Judicial District Court of the State of Nevada in and

4   for the County of Washoe ("State Court") to the United States District Court for the District of

5   Nevada.  In support thereof, BNY Mellon, as Former Trustee states as follows:

6         1.    BNY Mellon, as Former Trustee exercises its rights under the provisions of 28

7   U.S.C. §§ 1332, 1441 and 1446 to remove this case from the State Court, where it is now pending

8   under the name and style *Ronald E. Freeto v. Lime Financial Services, Ltd., Stewart Title of*

9   *Northern Nevada, MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., Quality*

10  *Loan Service Corporation, Litton Loan Servicing LP, Wilmington Trust Company, Bank of New*

11  *York, JPMorgan Chase Bank, C-BASS Mortgage Loan Asset-Backed Certificates Series 2005-*

12  *CB4 and Does 1-24 Corporations; and Roes 1-25 Individuals, partnerships or anyone claiming*

13  *an interest in the property described in the action*, Civil Action No. CV09-03347 ("State Court

14  Action").

15        2.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of

16  which the district courts of the United States have original jurisdiction, may be removed by the

17  defendant or the defendants, to the district court of the United States for the district and division

18  embracing the place where such action is pending."

19        3.    This is a civil action that was instituted in the State Court, and has not been tried.

20  Plaintiff Ronald E. Freeto ("Freeto" or "plaintiff") filed his Complaint against defendants on or

21  about November 17, 2009.  A true and correct copy of the Complaint filed in the State Court is

22  attached hereto as Exhibit A.

23        4.    BNY Mellon, as Former Trustee first received the initial pleading setting forth the

24  claims for relief upon which this action is based and the summons to respond thereto on or about

25  November 24, 2009.  A true and correct copy of the Summons received by BNY Mellon, as

26  Former Trustee is attached hereto as Exhibit B.

27        5.    As more fully set forth below, this case is properly removed to this Court because,

28  [2]    Improperly named in Complaint as "Bank of New York."

- 2 -

among other reasons, this Court has subject matter jurisdiction over the case pursuant to 28

U.S.C. § 1332(a) because: (a) this is a civil action between citizens of different states; and (b) the

amount in controversy exceeds $75,000.

## DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332(a)

**There Is Complete Diversity Of Citizenship Between Plaintiff And Defendants**

6.      In determining whether complete diversity exists, the Court considers the

citizenship of all "*properly joined*" parties.  28 U.S.C. § 1441(b) (emphasis added).

7.      The Complaint alleges that Freeto owns and resides at the property located at 2128

Roundhouse Road, Unit 2130, Sparks, Nevada 89431.  *See, e.g.*, Complaint ¶¶ 15, 24.  For

purposes of diversity of citizenship under 28 U.S.C. § 1332, Freeto is a citizen of the State of

Nevada.

8.      BNY Mellon, as Former Trustee is a corporation organized under the laws of the

State of Delaware with its principal place of business in the State of New York.  For purposes of

diversity of citizenship under 28 U.S.C. § 1332, BNY Mellon, as Former Trustee is a citizen of a

state other than the State of Nevada.  *See* 28 U.S.C. § 1332(c)(1).

9.      Lime Financial Services, Ltd. ("Lime Financial") is a corporation organized under

the laws of the State of Oregon with its principal place of business in the State of Oregon.  A

"corporation shall be deemed to be a citizen of any State by which it has been incorporated and of

the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  For purposes of

diversity of citizenship under 28 U.S.C. § 1332, Lime Financial is a citizen of a state other than

the State of Nevada.

10.     Defendants MERSCORP, Inc. ("MERSCORP") and Mortgage Electronic

Registration Systems, Inc. ("MERS") are corporations organized under the laws of the State of

Delaware, with their respective principal places of business in the Commonwealth of Virginia.

For purposes of diversity of citizenship under 28 U.S.C. § 1332, MERSCORP and MERS are

citizens of a state other than the State of Nevada.  *See* 28 U.S.C. § 1332(c)(1).

11.     Quality Loan Service Corporation ("Quality Loan") is a corporation organized

under the laws of the State of California with its principal place of business in the State of California. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Quality Loan is a citizen of a state other than the State of Nevada. *See* 28 U.S.C. § 1332(c)(1).

12.   Litton Loan Servicing LP ("Litton")[3] is a Delaware limited partnership with its principal place of business in Houston, Texas. For purposes of diversity of citizenship under 28 U.S.C. § 1332, the citizenship of an unincorporated entity, such as a limited partnership, is determined by the citizenship of each of its partners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (holding that, for the purpose of diversity jurisdiction, the citizenship of a limited partnership is determined by the citizenship of each of the partners); *see also Provident Energy Assoc. of Mont. v. Bullington*, 77 Fed. App'x 427, 428-29 (9th Cir. 2003). None of the partners of Litton, either limited or general, is incorporated in, has a principal place of business in or is domiciled in the State of Nevada, but each is a citizen of a state other than the State of Nevada. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Litton is a citizen of a state other than the State of Nevada.

13.   Wilmington Trust Company, as successor trustee for the C-BASS Mortgage Loan Asset-Backed Certificates Series 2005-CB4 ("Wilmington Trust, as Successor Trustee")[4] is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Delaware. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Wilmington Trust, as Successor Trustee is a citizen of a state other than the State of Nevada. *See* 28 U.S.C. § 1332(c)(1).

14.   JPMorgan Chase Bank, National Association, as former trustee for the C-BASS Mortgage Loan Asset-Backed Certificates Series 2005-CB4 ("JPMorgan, as Former Trustee") is a national banking association. National banking associations are deemed "citizens of the States in which they are respectively located." See 28 U.S.C. § 1348. The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in

---

[3]   To date Litton has not been served with a copy of the Summons and Complaint in this matter. Accordingly, Litton reserves all rights to object to the sufficiency of service of process in this matter.
[4]   Upon information and belief, to date Wilmington Trust, as Successor Trustee has not been served with a copy of the Summons and Complaint in this matter.

which its main office, as set forth in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). JPMorgan, as Former Trustee's main office is located in the State of Ohio. Thus, for purposes of diversity of citizenship under 28 U.S.C. § 1332, JPMorgan, as Former Trustee is a citizen of a state other than the State of Nevada.

15. Defendant C-BASS Mortgage Loan Asset-Backed Certificates Series 2005-CB4 (the "Securitization Trust") is a securitization trust that holds, among other things, title to Freeto's mortgage loan, which is the subject of this lawsuit. *See* Complaint ¶ 21. For purposes of diversity of citizenship under 28 U.S.C. § 1332, "[a] trust has the citizenship of its trustee or trustees." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (finding diversity jurisdiction where plaintiff was citizen of Alaska and defendant trust's trustee was "a bank incorporated in Delaware with its principal place of business in Minnesota"); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). The Complaint alleges that the Securitization Trust's current trustee is Wilmington Trust, as Successor Trustee, and that the Securitization Trust's former trustees include BNY Mellon, as Former Trustee and JPMorgan as Former Trustee. *See* Complaint ¶ 21. As noted above: (a) Wilmington Trust, as Successor Trustee is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Delaware; (b) BNY Mellon, as Former Trustee is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York; and (c) JPMorgan, as Former Trustee is a national association with its main office located in the State of Ohio. Thus, for purposes of diversity of citizenship under 28 U.S.C. § 1332, the Securitization Trust is a citizen of a state other than the State of Nevada because its current and former trustees are citizens of states other than the State of Nevada. *See Johnson*, 437 F.3d at 899.

16. The citizenship of Stewart Title of Northern Nevada ("Stewart Title") is irrelevant for determining diversity jurisdiction because that entity has been fraudulently joined. As noted above, in determining whether complete diversity exists, the Court only considers the citizenship of "*properly joined*" parties. *See* 28 U.S.C. § 1441(b) (emphasis added). Thus, a non-diverse

1    party that is fraudulently joined will not defeat removal on grounds of diversity jurisdiction.  *E.g.*

2    *Silon v. Am. Home Assurance Co.*, No. 2:08-cv-1798-RCJ-LRL, 2009 WL 1090700, at *4 (D.

3    Nev. April 21, 2009) (finding fraudulent joinder where complaint failed to state claim against

4    non-diverse defendant); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir.

5    1998) (same).  A defendant is fraudulently joined where, as in this case, the Complaint "fails to

6    state a cause of action against a resident defendant, and the failure is obvious according to the

7    settled rules of the state."  *See Richey*, 139 F.3d at 1318; *see also McCabe v. Gen. Foods Corp.*,

8    811 F.2d 1336, 1339 (9th Cir. 1987); *White v. Miss. Valley Title Ins.*, No. 3:06cv512-DPJ-JCS,

9    2007 WL 3020184, at *2 (S.D. Miss. 2007) (noting with approval that defendant properly

10   "removed the matter to [federal] Court, claiming [the] non-diverse [title company was]

11   improperly joined in the matter and, therefore, federal diversity jurisdiction was proper under 28

12   U.S.C. § 1332").

13           17.     The Court may conclude that Stewart Title has been fraudulently jointed for two

14   reasons:

15           (a)     First, the Complaint is completely silent as to any alleged wrongdoing on

16   the part of Stewart Title, except for the unsupported allegation that Stewart Tile "participated in

17   the procurement, drafting, or presentment of the documents and transactions creating the causes

18   of action alleged herein."  Complaint ¶ 17.  This allegation alone is insufficient to satisfy the

19   pleading standard under Rule 8(a) and 9(b), as recently clarified by the United States Supreme

20   Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct.

21   1937, 1953 (May 18, 2009).  Moreover, plaintiff cannot state a claim against Stewart Title – as he

22   attempts to do here – by asserting allegations that merely lump together the defendants without

23   distinguishing between their alleged conduct.  *E.g.*, *Gauvin v. Trombatore*, 682 F. Supp. 1067,

24   1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to

25   satisfy notice requirement of Fed. R. Civ. P. 8(a)(2)); *In re Sagent Tech., Inc.*, 278 F. Supp. 2d

26   1079, 1094 (N.D. Cal. 2003) (holding that complaint which lumped together thirteen different

27   defendants "fails to give 'fair notice' of the" plaintiffs' claim under Rule 8(a)); *see also Swartz v.*

28

*KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (dismissing fraud claim where Complaint fails to differentiate between various defendants).  Just because Stewart Title may have acted as the closing agent on Freeto's loan, *see* Complaint ¶ 17, does not mean it can be held liable for the alleged wrongdoing of the loan originator and others.  The Complaint's vague and unsupported allegations to against Stewart Title fail to state a cognizable claim for relief against Stewart Title.  Accordingly, the Court may conclude that Stewart Title has been fraudulently joined for the purpose of defeating diversity, and, should not consider Stewart Title's citizenship when determining whether there is diversity in this matter.  *See, e.g., Ritchey*, 139 F.3d at 1318-19; *McCabe*, 811 F.2d at 1339; *Silon*, 2009 WL 1090700, at \*4; *White*, 2007 WL 3020184, at \*2.[5]

        (b)      Second, to the extent Stewart Title acted as the lender's agent in preparing closing documents and conducing the closing on Freeto's loan, *see* Complaint ¶ 17, the Court may find that Stewart Title has been fraudulently joined.  It is well-settled that an agent cannot be held individually liable as a defendant unless the agent acts for its own personal advantage, and that a court may find fraudulent joinder where the plaintiff sues a non-diverse agent based upon the alleged wrongdoing of the principal.  *See, e.g., Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (finding fraudulent joinder where non-diverse agent was sued for actions that were allegedly undertaken in the context of the agency relationship with the diverse principal).  Thus, to the extent that Stewart Title was acting as the agent of the lender in "drafting" closing documents and conducting the closing on Freeto's loan, Complaint ¶ 17, Stewart Title has been fraudulently joined and it should be disregarded with determining the existence of diversity jurisdiction.  *See Mercado*, 340 F.3d at 826.

      18.     Plaintiff's identification of "Does 1-25 Corporations," and "Roes 1-25

---

[5]    At paragraph 45 of the Complaint, plaintiff makes passing reference to a putative defendant named "Karen Bittleston."  Bittleston is not identified in the caption of the Complaint, and plaintiff did not request a summons to be issued to her.  Bittleston is, therefore, not a party to the lawsuit, and her citizenship is irrelevant to the Court's determination of diversity of citizenship.  Moreover, plaintiff does not make a single substantive allegation regarding Bittleston's alleged involvement with the case or her alleged wrongdoing for that matter.  Thus, to the extent she is considered a party to this lawsuit, Bittleston is, likewise, fraudulently joined for removal purposes.  *See, e.g., Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *McCabe*, 811 F.2d at 1339; *Ritchey*, 139 F.3d at 1318-1319; *Silon*, 2009 WL 1090700, at \*4; *White*, 2007 WL 3020184, at \*2.

1    Individuals" in the caption of the Complaint is also irrelevant to the Court's determination of

2    whether there is complete diversity of citizenship between the parties. *See, e.g.*, *McCabe*, 811

3    F.2d at 1339 (holding that "[i]t was proper for the district court to disregard" unidentified "Doe"

4    defendants for purposes of determining diversity jurisdiction).

5          19.     There is complete diversity of citizenship for purposes of federal jurisdiction under

6    28 U.S.C. § 1332(a) because plaintiff is a citizen of Nevada and each defendant that has been

7    properly joined is a citizen of a state other than Nevada.

8    **The Amount In Controversy Exceeds $75,000, Exclusive Of Interest And Costs**

9          20.     The Complaint alleges, among other things, that Freeto executed a Note and Deed

10   of Trust in favor of his lender, Lime Financial on or about April 15, 2005 in the principal amount

11   of $126,400.00. Complaint ¶ 24; *see also* Deed of Trust, dated April 15, 2005 with affixed

12   legend from Washoe County Recorder's Office (attached as Exhibit C). The Complaint purports

13   to assert thirteen separate causes of action based upon, among other things, Freeto's contention

14   that the identification of MERS as a beneficiary on a Deed of Trust invalidates the security

15   interest and extinguishes the loan. *See, e.g.*, Complaint ¶ 57.

16         21.     For relief, Freeto requests: (a) an injunction against "enforcing the mortgage

17   contract;" (b) an injunction against "pursuing any sort of foreclosure;" (c) cancellation of the

18   promissory note; (d) an order of quiet title to the property; (e) "compensatory damages" including

19   "reimbursement for the interest payments" that Freeto has made; (f) "emotional damages[] in

20   excess of $10,000.00;" (g) "punitive damages in excess of $10,000.00;" (h) treble damages under

21   Nev. Rev. Stat. § 207.470 and Nev. Rev. Stat. § 589D.100 *et seq.*; (i) costs; and (j) attorneys fees.

22   *See* Complaint Prayer for Relief (Exhibit A).

23         22.     Regardless of the amount of monetary damages Freeto may claim as damages, the

24   amount in controversy requirement is satisfied by Freeto's request that his loan be cancelled and

25   that further foreclosure activity on his property be enjoined.

26         23.     It is well-settled that "the value of the matter in controversy is measured not by the

27   monetary judgment which the plaintiff may recover but by the judgment's pecuniary

28

- 8 -

consequences to those involved in the litigation." *Richard C. Young & Co., LTD. v. Leventhal, D.D.S., M.S.*, 389 F.3d 1, 3 (1st Cir. 2004); *see Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy [for purposes of diversity jurisdiction] is measured by the value of the object of the litigation"); *Henderson v. Nationstar Mortgage Co., LLC*, No. C07-2039JLR, 2008 WL 302374, at *1 (W.D. Wash., Jan. 31, 2008) (holding "object of this litigation is a loan between Plaintiff and Defendant, secured by a mortgage and a deed of trust, with a sum owed of $349,221.80"). In this case, the object of plaintiff's suit is, among other things, to obtain: (a) an "injunction enjoining defendants from enforcing the mortgage contract;" (b) an order "canceling the subject promissory note;" (c) restitution of "interest payments which Plaintiffs [sic] have made;" and (d) an "injunction enjoining defendants from … pursuing any sort of foreclosure." Complaint, Prayer for Relief (Exhibit A). By seeking to cancel his Deed of Trust and obtain repayment of any interest payments, Freeto effectively seeks to rescind his mortgage loan. Yet, in addition, Freeto seeks to have the Court cancel any obligation to repay under the terms of his Note. As noted above, the original principal balance of Freeto's 2005 loan is approximately $126,400.00. *See* Complaint ¶ 24 and Deed of Trust (Exhibits A and C respectively). Thus, the "pecuniary consequences" of the cancellation of Note and Deed of Trust exceeds $75,000. *See Richard C. Young & Co., LTD.*, 389 F.3d at 3; *see also Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy");.

24.    Further, where, as in this case, injunctive relief is sought to prevent foreclosure, the amount in controversy is the outstanding balance due and owing on the loan. *See Henderson*, 2008 WL 302374, at *1 (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). The total amount due and owing on Freeto's loan is in excess of $130,000.00.

25.    Thus, the jurisdictional amount in controversy requirement is satisfied because Freeto seeks an amount in excess of $75,000 exclusive of costs and interest.

26.    Because there is complete diversity of citizenship and the amount in controversy

exceeds $75,000 exclusive of costs and interests, the Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332.

### PROCEDURAL COMPLIANCE

27.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by BNY Mellon, as Former Trustee of a copy of the Summons and the initial pleading setting forth the claims for relief upon which this removal is based.

28.     Pursuant to 28 U.S.C. §§ 1441, *et seq*., the right exists to remove this case from the State Court to the United States District Court for the District of Nevada.

29.     The United States District Court for the District of Nevada embraces the county in which the State Court Action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 108.

30.     No previous application has been made for the relief requested herein.

31.     Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto is a copy of: (1) the Complaint filed in the State Court (attached as Exhibit A); and (2) the Summons served on BNY Mellon, as Former Trustee (attached as Exhibit B).

32.     Written notice of the filing of this Notice of Removal will be served upon counsel for plaintiff through his attorney of record, Rick Lawton, Esq., as required by law.

33.     A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for plaintiff.

34.     In filing this Notice of Removal, BNY Mellon, as Former Trustee does not waive, and specifically reserves, all defenses, exceptions, rights and motions.  No statement herein or omission herefrom shall be deemed to constitute an admission by Wilmington Trust, as Trustee of any of the allegations of or damages sought in the Complaint.

35.     As further set forth in the consents to removal attached as Exhibits D through H respectively, BNY Mellon as Former Trustee removes this action with the consent of defendants MERSCORP, MERS, Quality Loan, Lime Financial, JPMorgan, as Former Trustee, and Litton

36.     As noted above, Stewart Title has been fraudulently joined, and, accordingly, its consent is not required to effectuate removal of this action.  See, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n.1 (9th Cir. 1988).

37.     Further, as of December 23, 2009, no return of service for Wilmington Trust or Stewart Title has been filed with the State Court.  Where the state court docket does not reflect that a co-defendant was served, removal is proper even without its consent.  Hopper v. Kmart Corp., No. 06-1241-KI, 2006 WL 3043112, at *1 (D. Or. Oct. 24, 2006) (defendant "could not have known from the state court docket that [co-defendant] had been served at the time it filed its removal petition, [thus] the 'non-served defendant' exception applies").

///

///

///

///

///

///

///

///

///

1    WHEREFORE, defendant BNY Mellon, as Former Trustee, with the consent of

2    MERSCORP, MERS, Quality Loan, Lime Financial, JPMorgan, as Former Trustee, and Litton,

3    hereby removes this case from the State Court to this Court.

4

5                                          Respectfully submitted,

6                                          Gary Schnitzer, Esq.
                                           Nevada Bar No. 395
7                                          Melanie D. Morgan, Esq.
8                                          Nevada Bar No. 8215
                                           Kravitz, Schnitzer, Sloane & Johnson, Chtd.
9                                          8985 Eastern Avenue, Suite 200
                                           Las Vegas, Nevada 89123
10                                         Direct:  702 222-4142
11                                         Office:  702 362-6666
                                           Fax:     702 362-2203
12                                         Email:  gschnitzer@kssattorneys.com
                                                      mmorgan@kssattorneys.com
13
                                           Of Counsel:
14                                         R. Bruce Allensworth
15                                         Brian M. Forbes
                                           Gregory N. Blase
16                                         K&L GATES LLP
                                           State Street Financial Center
17                                         One Lincoln Street
18                                         Boston, MA 02111
                                           Tel. (617) 261-3100
19                                         Email:  bruce.allensworth@klgates.com
20                                                    brian.m.forbes@klgates.com
                                                      gregory.blase@klgates.com
21                                         **Attorneys for Bank of New York Mellon as
                                           former trustee for the C-BASS Mortgage
22                                         Loan Asset-Backed Certificates Series
                                           2005-CB4**

23

24

25

26

27

28

                                          - 12 -

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5-1, I hereby certify that on December 23, 2009, I electronically transmitted the above **Notice of Removal** to the Office of the Clerk of the United States District Court for the District of Nevada using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record in this matter; all counsel being registered to receive Electronic Filing.

An Employee of Kravitz, Schnitzer, Sloane
& Johnson, Chtd.

- 13 -