UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RONALD E. FREETO,<br><br>     Plaintiff,<br><br>v.<br><br>LITTON LOAN SERVICING LP; et al.,<br><br>     Defendants. | 3:09-cv-00754-LRH-VPC<br><br>ORDER |

Before the court is defendant Lime Financial Services, LTD.'s ("Lime") motion to dismiss filed on December 28, 2009, and defendant Quality Loan Service Corporation's ("QLS") motion to dismiss filed on January 13, 2010. Doc. ##4, 24.[1] Plaintiff Ronald E. Freeto ("Freeto") filed an opposition (Doc. #32) to which moving defendants replied (Doc. ##34, 35).

**I.     Facts and Procedural History**

In April 2005, Freeto purchased real property through a mortgage and note executed by defendant Lime Financial Services. He eventually defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on November 17, 2009, Freeto filed a complaint in state court alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of

---

[1] Refers to the court's docket entry number.

NRS 598D.100; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; (13) conspiracy to commit fraud against defendant Mortgage Electronic Registration Systems, Inc. ("MERS"); and (14) fraud in the inducement. Doc. #1, Exhibit 1. Thereafter, moving defendants filed the present motions to dismiss all claims. Doc. ##4, 24.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #37. However, as part of the transfer order, the panel transferred only those claims that "relate to the formation and/or operation of MERS" and held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. *Id*.

On June 4, 2010, Judge Teilborg issued an initial remand order. Doc. #43. Pursuant to that order Judge Teilborg remanded: (1) claim 1 for unfair lending practices; (2) claim 12 for unjust enrichment; (3) claim 3 for injunctive relief as it relates to the remanded claims; and (4) claim 4 for declaratory relief as it relates to the remanded claims. *Id*.

**II.     Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court

does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

**III.   Discussion**

**Unfair Lending Practices in Violation of NRS 598D.100**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Defendant QLS is a loan servicer who was not involved in the origination of Freeto's mortgage loan. *See* Doc. #64. A loan servicer who did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g., Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. 2009). Therefore, the court shall dismiss Freeto's unfair lending practices claim as to moving defendant QLS.

In contrast, defendant Lime did issue the underlying loan to Freeto. However, as to defendant Lime, Freeto's unfair lending claim is barred by the applicable statute of limitations. An action "upon statute for penalty or forfeiture" has a two-year statute of limitations, unless the

3

statute provides otherwise. N.R.S. 11.190(4)(b). The plain language of the statute indicates that it is a statute for a penalty and does not contain its own limitations period. *See* N.R.S. 598D.110. Therefore, the court finds that the statute of limitations has run because Lime issued the underlying loan in early 2005 and Freeto did not file his complaint until November 2009. Accordingly, his unfair lending practices claim against Lime is time-barred and shall be dismissed.

**Unjust Enrichment**

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Freeto cannot make a claim in equity for actions that are guided by a contract to which he is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

**Declaratory Relief and Permanent Injunction**

Freeto's remaining causes of action for declaratory relief and permanent injunction are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. Here, Freeto's remanded claims fail to establish a claim for relief. Accordingly, he is not entitled to his requested remedies.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #4) is GRANTED. Defendant Lime Financial Services, LTD. is DISMISSED as a defendant as to the remanded claims: (1) claim 1 for unfair lending practices; (2) claim 12 for unjust enrichment; (3) claim 3 for injunctive relief; and (4) claim 4 for declaratory relief.

1       IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #24) is GRANTED.
2  Defendant Quality Loan Service Corporation is DISMISSED as a defendant as to the remanded
3  claims: (1) claim 1 for unfair lending practices; (2) claim 12 for unjust enrichment; (3) claim 3 for
4  injunctive relief; and (4) claim 4 for declaratory relief.
5       IT IS SO ORDERED.
6       DATED this 6th  day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE