UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RONALD E. FREETO, | ) | |
| Plaintiff, | ) | 3:09-cv-00754-LRH-VPC |
| v. | ) | |
| | ) | ORDER |
| LITTON LOAN SERVICING LP; et al., | ) | |
| Defendants. | ) | |

Before the court is defendant Lime Financial Services, LTD.'s ("Lime") renewed motion to dismiss which plaintiff Ronald E. Freeto ("Freeto") did not oppose. Doc. #45.[1]

Also before the court are defendants Litton Loan Servicing LP ("Litton"); Bank of New York Mellon ("BNY"); and J.P. Morgan Chase Bank, N.A.'s ("JP Morgan") motions to dismiss. Doc. ##49, 50.

**I.      Facts and Procedural History**

In April 2005, Freeto purchased real property through a mortgage and note originated by defendant Lime Financial Services. He eventually defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on November 17, 2009, Freeto filed a complaint in state court alleging

---

[1] Refers to the court's docket number.

fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; (13) conspiracy to commit fraud against defendant Mortgage Electronic Registration Systems, Inc. ("MERS"); and (14) fraud in the inducement. Doc. #1, Exhibit 1.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #37. However, as part of the transfer order, the panel transferred only those claims that "relate to the formation and/or operation of MERS" and held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. *Id*.

On June 4, 2010, Judge Teilborg issued an initial remand order. Doc. #43. Pursuant to that order Judge Teilborg remanded: (1) claim 1 for unfair lending practices; (2) claim 12 for unjust enrichment; (3) claim 3 for injunctive relief as it relates to the remanded claims; and (4) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. Thereafter, moving defendants filed the present motions to dismiss. Doc. ##45, 49, 50.

**II.    Legal Standard**

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*

1  *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court
2  does not necessarily assume the truth of legal conclusions merely because they are cast in the form
3  of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752,
4  754-55 (9th Cir. 1994).

5  There is a strong presumption against dismissing an action for failure to state a claim. *See*
6  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is
7  not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence
8  in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*
9  *grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to
10 provide the grounds of his entitlement to relief requires more than labels, conclusions, and a
11 formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S.
12 Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the
13 speculative level on the assumption that all the allegations in the complaint are true (even if
14 doubtful in fact)." *Id*. (internal citations omitted).

15 **III.  Discussion**

16 **A.  Lime Financial Services**

17 Prior to the transfer of this action to the District of Arizona, defendant Lime filed an initial
18 motion to dismiss all claims in Freeto's complaint. Doc. #4. After Judge Teilborg issued his order
19 to remand certain claims to this court, the court issued an order granting Lime's initial motion to
20 dismiss and dismissing defendant Lime as to the remanded claims. *See* Doc. #60. Accordingly, the
21 court shall deny defendant Lime's renewed motion to dismiss filed after the issuance of the remand
22 order, but prior to issuance of this court's order of dismissal, as moot. The court will address the
23 remaining moving defendants, Litton, BNY and JP Morgan below.

24 ///
25 ///
26

### B. Unfair Lending Practices in Violation of NRS 598D.100

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Moving defendants were not involved in the origination of Freeto's mortgage loan. A defendant who did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g., Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. 2009). Therefore, the court shall dismiss Freeto's unfair lending practices claim as to moving defendants.

### C. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Freeto cannot make a claim in equity for actions that are guided by a contract to which he is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

### D. Declaratory Relief and Permanent Injunction

Freeto's remaining causes of action for declaratory relief and permanent injunction are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. Here, Freeto's remanded claims fail to establish a claim for relief. Accordingly, he is not entitled to his requested remedies.

///

4

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #45) is DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #49) is GRANTED. Defendant Litton Loan Servicing LP is DISMISSED as a defendant as to the remanded claims: (1) claim 1 for unfair lending practices; (2) claim 12 for unjust enrichment; (3) claim 3 for injunctive relief; and (4) claim 4 for declaratory relief.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #50) is GRANTED. Defendants Bank of New York Mellon and J.P. Morgan Chase Bank, N.A. are DISMISSED as defendants as to the remanded claims: (1) claim 1 for unfair lending practices; (2) claim 12 for unjust enrichment; (3) claim 3 for injunctive relief; and (4) claim 4 for declaratory relief.

IT IS SO ORDERED.

DATED this 12th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE