UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| RONALD E. FREETO, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cv-00754-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LITTON LOAN SERVICING LP; et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is plaintiff Ronald E. Freeto's ("Freeto") motion for reconsideration of the court's January 12, 2011 order of dismissal. Doc. #74.[1]

**I.   Facts and Procedural History**

In April 2005, Freeto purchased real property through a mortgage and note originated by defendant Lime Financial Services. Freeto eventually defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on November 17, 2009, Freeto filed a complaint in state court alleging fourteen separate causes of action against defendants: (1) unfair lending practices in violation of NRS 598D.100; (2) conspiracy to commit fraud; (3) permanent injunction; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission; (7) quiet title; (8) contractual breach of good

---

[1] Refers to the court's docket number.

faith and fair dealing; (9) tortious breach of good faith and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; (13) conspiracy to commit fraud against defendant Mortgage Electronic Registration Systems, Inc. ("MERS"); and (14) fraud in the inducement. Doc. #1, Exhibit 1.

Meanwhile, in late 2009, the United States Judicial Panel on Multi-District Litigation ("panel") consolidated a series of cases in which plaintiffs alleged that MERS engaged in improper business practices when processing home loans. The panel assigned Judge James A. Teilborg to oversee these cases and preside over all issues (discovery, dispositive motions, settlement) except for trials. *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL No. 2119.

On February 18, 2010, the panel issued a transfer order and consolidated the present action with the MDL litigation. Doc. #37. However, as part of the transfer order, the panel transferred only those claims that "relate to the formation and/or operation of MERS" and held that all other claims "unrelated to the formation and/or operation of the MERS system are separately and simultaneously remanded" to the district court in which they were first brought. *Id*.

On June 4, 2010, Judge Teilborg issued an initial remand order. Doc. #43. Pursuant to that order Judge Teilborg remanded: (1) claim 1 for unfair lending practices; (2) claim 12 for unjust enrichment; (3) claim 3 for injunctive relief as it relates to the remanded claims; and (4) claim 4 for declaratory relief as it relates to the remanded claims. *Id*. In response to the remand order, defendants filed a series of motions to dismiss the remanded claims. *See* Doc. ##45, 49, 50. On January 12, the court granted the motions and dismissed the moving defendants as to the remanded claims. Doc. #73. Thereafter, Freeto filed the present motion for reconsideration. Doc. #74.

**II.     Discussion**

Freeto brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the

2

prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Freeto argues that the court misapplied the legal standard concerning his claim for wrongful foreclosure and therefore the court's order of dismissal was clearly erroneous. *See* Doc. #74. The court's order, however, did not address Freeto's claim for wrongful foreclosure because that cause of action was not before the court. *See* Doc. #73. The court's order addressed only the claims remanded by Judge Teilborg for unfair lending practices, unjust enrichment, and injunctive and declaratory relief. *Id.* Freeto's claim for wrongful foreclosure is still pending in the ongoing MDL proceedings. Therefore, the court finds that Freeto has failed to establish any error warranting reconsideration of the court's January 12, 2011 order. Accordingly, the court shall deny Freeto's motion for reconsideration.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #74) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3